## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| PENOVIA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. **2:13-CV-770** |
| | ) | |
| vs. | ) | **PATENT CASE** |
| | ) | |
| ACTIONTEC ELECTRONICS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT ACTIONTEC ELECTRONICS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Actiontec Electronics, Inc. ("Actiontec") by and through its counsel of record, hereby files its Answer, Affirmative Defenses and Counterclaims to the Complaint filed herein by Penovia LLC ("Penovia"):

### ANSWER TO COMPLAINT

### PARTIES AND JURISDICTION

1.      Actiontec admits that the Complaint purports to state a cause of action under the patent laws of the United States, Title 35 of the United States Code; however, Actiontec lacks sufficient information to admit or deny that the Complaint properly states a claim and, accordingly, denies that it does.  Actiontec admits that the Complaint purports to seek recovery of damages, but denies that Plaintiff is entitled to recover damages.

2.     Actiontec admits only that this Court has subject matter jurisdiction over certain claims under 28 U.S.C. §§ 1331 and 1338(a), but Actiontec lacks sufficient information to admit or deny that subject matter jurisdiction exists over this case and, accordingly, denies that it does.

3.     Actiontec lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore denies such allegations.

4.     Actiontec admits only that it is a California corporation with its principal place of business located at 760 North Mary Avenue, Sunnyvale, CA  94085.  Actiontec denies the remaining allegations of paragraph 4 of the Complaint.

5.     Actiontec denies the allegations of paragraph 5 of the Complaint.

**VENUE**

6.     Actiontec denies the allegations of paragraph 6 of the Complaint.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 5,822,221)**

7.     Actiontec repeats and incorporates by reference herein its responses to paragraphs 1 through 6 above.

8.     Actiontec admits only that the Complaint purports to state a cause of action under the patent laws of the United States, Title 35 of the United States Code, in particular, §§ 271, et seq., and denies the remaining allegations of paragraph 8 of the Complaint.

9.     Actiontec lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies such allegations.

10.     Actiontec admits only that a document purporting to be a copy of Patent No. 5,822,221 ("the '221 patent") is attached as Exhibit A to the Complaint, the face of which shows the title "Office Machine Monitoring Device".

11.     Actiontec denies the allegation of paragraph 11 of the Complaint.

12.     Actiontec admits that the '221 patent expired for failure to pay maintenance fees, but denies that the '221 patent expired on October 8, 2010.  Actiontec lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint and on that basis, denies such allegations.

13.     Actiontec denies the allegations of paragraph 13 of the Complaint.

14.     Actiontec lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies such allegations.

15.     Actiontec admits that paragraph 15 of the Complaint purports to seek recovery of damages for infringement from the date 6 years before filing the Complaint through the date of expiration of the '221 patent.  Actiontec denies any infringement of the '221 patent and that Penovia is entitled to recover damages for such infringement.

## DEMAND FOR JURY TRIAL

Actiontec admits that Penovia purports to demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Actiontec denies that Penovia is entitled to any of the relief it has requested in its Prayer for Relief or any relief whatsoever because:

A.     Plaintiff is not entitled to judgment on any cause of action asserted in the Complaint;

B.     Plaintiff is not entitled to damages resulting from Actiontec's alleged infringement in accordance with 35 U.S.C. § 284 because Actiontec has not and does not infringe;

C.     Plaintiff is not entitled to pre-judgment and post-judgment interest and costs on damages because there are no such damages;

3

D.     No other and further relief is just and proper under the circumstances since Actiontec does not infringe.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(PROSECUTION HISTORY ESTOPPEL)

2.     On information and belief, prosecution history estoppels and/or prosecution disclaimer precludes any finding of infringement.

### THIRD AFFIRMATIVE DEFENSE
(INVALIDITY OF THE '221 PATENT)

3.     On information and belief, each and every claim of the '221 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116.

### FOURTH AFFIRMATIVE DEFENSE
(NON-INFRINGEMENT OF THE '221 PATENT)

4.     Actiontec does not infringe any valid claim of the '221 patent, either directly or indirectly, literally, or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE
(WAIVER, ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS,
AND IMPLIED LICENSE)

5.     Plaintiff's claims for relief are barred in whole or in part by waiver, estoppel, acquiescence, unclean hands or implied license.

### SIXTH AFFIRMATIVE DEFENSE
(FAILURE TO PROVIDE NOTICE PURSUANT TO 35 U.S.C. § 287)

4823-3129-3974.2

6.      On information and belief, Plaintiff's ability to recover for any alleged infringement is limited by the failure of Plaintiff and/or its licensees to meet the requirements of 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE
### (LACHES)

7.      Plaintiff's claims for relief are barred in whole or in part by laches.

## RESERVATION OF DEFENSES

Actiontec reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Actiontec Electronics, Inc. ("Actiontec") alleges the following counterclaims against Penovia:

## JURISDICTION AND VENUE

1.      Actiontec asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2, seeking declaratory judgment under the patent laws of the United States, United States Code Title 35, that the patents asserted by Penovia are invalid, unenforceable, and not infringed.

2.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, et seq.

3.      Penovia has submitted to the personal jurisdiction of this Court.

4.      Venue is proper in this district for the purpose of compulsory counterclaims pursuant to 28 U.S.C. § 1391, because this suit was filed in this district by Penovia.

5

**THE PARTIES**

5.      Actiontec is a California corporation having its principal place of business at 760 North Mary Avenue, Sunnyvale, CA 94085.

6.      Penovia purports to be a Texas limited liability company with its principal office located in the Eastern District of Texas, at 3400 Silverstone Drive, Suite 191-B, Plano, Texas 75023.

7.      Penovia purports to have obtained ownership of the '221 Patent from its prior owner, the inventor, Frank S. Groenteman.

**COUNTERCLAIM 1: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF THE '221 PATENT**

8.      Actiontec repeats and realleges Paragraphs 1-15 of its Answer, each of its Affirmative defenses, and Paragraphs 1-7 of its Counterclaims as if fully set forth herein.

9.      By its Complaint, Penovia asserts that Actiontec has infringed the '221 patent.

10.      Actiontec has denied Penovia's claim of infringement of the '221 patent, and contends that it does not infringe the '221 patent or any valid or enforceable asserted claim thereof.

11.      An actual and justiciable controversy has thus arisen between Penovia and Actiontec concerning the alleged infringement of the '221 patent.

12.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Actiontec is entitled to judgment from this Court finding that the '221 patent is not infringed, directly or indirectly, by Actiontec.

**COUNTERCLAIM 2: DECLARATORY JUDGMENT OF
INVALIDITY OF THE '221 PATENT**

13.      Actiontec repeats and realleges Paragraphs 1-15 of its Answer, each of its Affirmative defenses, and Paragraphs 1-7 of its Counterclaims as if fully set forth herein.

6

14.     By its Complaint, Penovia asserts that the '221 patent is valid.  Actiontec has denied this allegation and contends that the '221 patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

15.     An actual and justiciable controversy has thus arisen between Penovia and Actiontec concerning the validity of the '221 patent.

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., Actiontec is entitled to judgment from this Court finding that the '221 patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Actiontec prays as follows:

A.     Dismiss Penovia's Complaint against Actiontec with prejudice and find that Penovia takes nothing by reason of the Complaint herein;

B.     Declare that Actiontec has not infringed the '221 patent or any valid asserted claim therein;

C.     Declare that the claims of the '221 patent are invalid;

D.     Enjoin Penovia, its assigns, and all those in privity therewith from asserting any of the '221 patent against Actiontec or any of its customers or suppliers;

E.     Find this case an exceptional case and award Actiontec its fees and costs associated with its defense in this suit under 35 U.S.C. § 285 and/or Rule 11 of the Federal Rules of Civil Procedure; and

F.     For such other and further relief as the Court may deem just and proper.

4823-3129-3974.2

Dated:  October 23, 2013                        Respectfully submitted,

_/s/  Nicola A. Pisano_____
Nicola A. Pisano CA Bar No. 151282
Foley & Lardner LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130-3302
858.847.6700
858.792.6773

Attorneys for Defendant ACTIONTEC
ELECTRONICS, INC.

4823-3129-3974.2

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV- 5(a)(3) on this the 23rd day of October, 2013.  Any other counsel of record will be served by first class U.S. mail on this same date.


*/s/  Nicola A. Pisano*

4823-3129-3974.2